KEVIN RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

DEREK R. OWENS (CASBN 230237)
Special Assistant United States Attorney

SCOTT G. MAZZOLA
Law Clerk

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6488
    Fax: (415) 436-7234
    Email: Derek.Owens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAXIMILLIAN HERRERA ) <br> ) <br> Defendant. ) | CR No.: 05-00695 MAG <br><br> STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |

On November 16, 2005, the parties in this case appeared before the Court for a status conference. At that time, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from November 16, 2005 to December 7, 2005. Specifically, Mr. Fermino, counsel for Mr. Herrera, requested the continuance in light of his desire to review recently received discovery from the government. The parties represented that granting the continuance was the reasonable time necessary for effective preparation of defense counsel,

Stipulation and [Proposed] Order

1  taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties
2  also agreed that the ends of justice served by granting such a continuance outweighed the best
3  interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A).
4  SO STIPULATED:

KEVIN V. RYAN
United States Attorney

DATED: 12/7/05

_____
DEREK R. OWENS
Special Assistant United States Attorney

DATED: 12/7/05

_____
DAVID FERMINO
Attorney for Mr. Herrera

12  As the Court found on November 16, 2005, and for the reasons stated above, the Court finds
13  that an exclusion of time between November 16, 2005 and December 7, 2005 is warranted and
14  that the ends of justice served by the continuance outweigh the best interests of the public and the
15  defendant in a speedy trial. See 18 U.S.C. §3161 (h)(8)(A). The failure to grant the requested
16  continuance would deny defense counsel the reasonable time necessary for effective preparation,
17  taking into account the exercise of due diligence, and would result in a miscarriage of justice.
18  See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.
DATED: 12/7/05

_____
ELIZABETH D. LAPORTE  Edward M. Chen
United States Magistrate Judge

Stipulation and [Proposed] Order