United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAXIMILLIAN HERRERA,<br><br>　　　　Defendant.<br>_____ | No. CR 05-0695 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER DENIAL OF MOTION TO SUPPRESS AND GRANTING DEFENDANT'S MOTION TO SUPPRESS**<br><br>**(Docket No. 42)** |

Defendant's motion came on for hearing on August 30, 2006. Having considered the papers filed in support of and in opposition to the motion, the evidence herein,[1] and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** the motion to reconsider and upon reconsideration **GRANTS** Defendant's Motion to Suppress.

As to Defendant's first contention that the record did not support the finding that Officer Campbell had reasonable suspicion to seize Mr. Herrera's truck because he did not testify that he observed a non-handicapped license plate on the truck when he first effectuated the seizure, the Court finds that Officer Campbell's testimony supports such a finding. Upon passing the vehicle, Officer Campbell shined his light illuminating the back of the vehicle. He testified that he observed the back of the vehicle as depicted in the photo admitted as Exhibit 3. As the photo makes clear, the license plate is prominently displayed. *See* Tr. at 19- 21 (4/19/06 hearing). Officer Campbell

---

[1] The Court excludes from consideration the Declaration of Officer Campbell filed in opposition to the motion. Evidence closed upon conclusion of the evidentiary hearing herein. Not only is the submission untimely, it constitutes inadmissable hearsay.

concluded that the vehicle was illegally parked. *Id*. at p. 41.  Although Officer Campbell was not specifically asked either on direct or on cross-examination whether he saw the non-handicapped license plate, the Court concludes that, given his vantage point, the lighting, the plain visibility of the license plate, and his stated conclusion that the vehicle was illegally parked, Officer Campbell did see the non-handicapped license plate and therefore had reasonable suspicion of the parking violation.  Such suspicion supported the seizure.  *Cf. United States v. Choudry*, __ F.3d __, 2006 DJDAR 11371 (9th Cir. Aug. 25, 2006) (suspicion of parking violation sufficient basis to conduct investigatory stop of vehicle).

As to Defendant's second contention that probable cause, not reasonable suspicion, is required to conduct a search of a vehicle for contraband which exceeds the scope of a *Terry* search for weapons, the Court, upon reexamination of Supreme Court and Ninth Circuit precedent, the Court concludes that Defendant is correct -- whereas only reasonable suspicion is required to justify an investigatory stop of an automobile and to warrant prolonged detention under certain circumstances, a warrantless search of the vehicle for contraband must be based on probable cause.

Probable cause exists to search a vehicle "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996).  Probable cause is "a fair probability that contraband or evidence of a crime will be found" and is evaluated in light of the totality of the circumstances.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Reasonable suspicion is a less demanding standard and requires particularized and objectives factors giving rise to suspicion that criminal activity is afoot.  *See Michigan v. Long*, 463 U.S. 1032, 1049 (1983); *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

A routine traffic stop is similar to a *Terry* stop and may be predicated on reasonable suspicion.  *See Knowles v. Iowa*, 525 U.S. 113, 117 (1998) (citing *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984)).  Initially, an officer may only ask questions that are reasonably related to the purpose of the stop.  *See United States v. Chavez-Valenzuela*, 268 F.3d 719 (9th Cir. 2001) (citing *United States v. Perez*, 37 F.3d 510, 513 (9th Cir. 1994)).  However, he may expand the scope of his questioning "only if he notices particularized, objective factors arousing his suspicion." *Id.*  An

officer may prolong a motorist's detention after the completion of the initial traffic stop if the officer has "a reasonable and articulable suspicion that criminal activity [is] afoot." *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999).

Because an investigatory traffic stop is similar to a *Terry* stop, a police officer may order passengers out of the vehicle and conduct a protective frisk of vehicle compartments, limited to areas in which a weapon may be hidden, when the officer has a reasonable suspicion that the suspect is armed and dangerous. *See Long*, 463 U.S. at 1049; *Maryland v. Wilson*, 519 U.S. 408 (1997) (officer may order passengers out of car pending completion of stop even absent suspicion of criminal activity or belief that occupants pose a threat to police safety). While officer safety justifies the additional, minimal intrusion of the *Terry* frisk, "it does not by itself justify the often considerably greater intrusion attending a full-field-type search." *Knowles*, 525 U.S. at 117. An officer may search no more than is needed to relieve the suspicion of danger.

In the case at bar, there is no claim that Officer Campbell had reason to believe that Mr. Herrera was armed and dangerous. Order Denying Defendant's Motion to Suppress at 5. Officer Campbell's search of Mr. Herrera's truck cannot be justified as a protective search under *Michigan v. Long*. Nor can the search be justified as consensual since this Court has found that Mr. Herrera did not give valid consent.

The question then is whether the search, based on Officer Campbell's suspicion of contraband, required reasonable suspicion or full probable cause. If only reasonable suspicion suffices, this Court has already held such suspicion existed here. If probable cause is required, the Court finds, for the reasons stated below, no such cause was demonstrated here.

In its initial order, this Court cited *Chavez-Valenzuela*, 268 F.3d at 719, and *United States v. Perez*, 37 F.3d at 510, in holding that reasonable suspicion sufficed to justify a search of Mr. Herrera's vehicle for drugs. Although the language of the Ninth Circuit's decisions in *Chavez-Valenzuela* and *Perez* may appear ambiguous on this point, viewed in their proper context, these cases merely hold that prolonged detention beyond an initial traffic stop may be justified by reasonable suspicion. In *Chavez-Valenzuela*, the Ninth Circuit held that the initial traffic stop was reasonable, but the officer lacked the requisite reasonable suspicion necessary to justify the

3

1  prolonged detention. *See Chavez-Valenzuela*, 268 F.3d at 728. The court held that nervousness
2  alone was insufficient "to create a reasonable suspicion to prolong the detention, ask about drugs or
3  search his vehicle." *Id.* The officer did not have the reasonable suspicion necessary to prolong the
4  detention and, therefore, the subsequent search was automatically unlawful because it followed an
5  unlawful detention. *See id*. The court did not go into a separate analysis as to whether the officer
6  could, after a properly prolonged search, lawfully search the vehicle. Because the court held the
7  prolonged detention was unconstitutional, the search that followed was deemed unconstitutional and
8  needed no separate analysis.

9  In *United States v. Perez*, 37 F.3d at 510, the Ninth Circuit held that the officers had
10 reasonable suspicion of criminal activity to justify detaining the motorist and expanding the police
11 questioning beyond the purpose of the initial traffic stop. The *Perez* court held that the motorist
12 voluntarily consented to a subsequent search of his vehicle, thereby obviating the need to determine
13 the level of cause justifying a search. *See id.* at 516. Neither *Chavez-Valenzuela* nor *Perez* holds
14 that reasonable suspicion can justify a search of the vehicle. Indeed, in *United States v. Hill*, 195
15 F.3d 258 (6th Cir. 1999), cited in *Chavez-Valenzuela*, 268 F.3d at 726, the Sixth Circuit applied the
16 reasonable suspicion standard to the initial stop and prolonged detention, but probable cause to the
17 search. *See Hill*, 195 F.3d at 273.

18 An examination of Supreme Court and Ninth Circuit precedent makes clear that search of a
19 vehicle, even where the exception to a warrant applies, must be predicated on full probable cause.

20 In *Carroll v. United States*, 267 U.S. 132 (1925), the Supreme Court established the
21 automobile exception to the warrant requirement of the Fourth Amendment. The Supreme Court
22 held that, while the impracticability of securing a warrant for a vehicle that can be quickly moved
23 out of the locality excused the warrant requirement, probable cause was nonetheless required: "those
24 lawfully within the country, entitled to use the public highways, have a right to free passage without
25 interruption or search unless there is known to a competent official authorized to search, probable
26 cause for believing that their vehicles are carrying contraband or illegal merchandise." *Id*. at 154.

27 Over the course of seventy years, the Supreme Court has refined the automobile exception in
28 determining the circumstances under which a warrant is required, *e.g.*, to search a container in a

4

vehicle. In so doing, the Court has repeatedly reaffirmed the principle that whatever the scope of the automobile exception to the warrant requirement, probable cause is needed to search the car for contraband. *See California v. Acevedo*, 500 U.S. 565 (1991); *Pennsylvania v. Labron*, 518 U.S. 938 (1996); *Wyoming v. Houghton*, 526 U.S. 295 (1999); *Maryland v. Dyson*, 527 U.S. 465 (1999). In *Almeida-Sanchez v. United States*, 413 U.S. 266 (1973), the Supreme Court stated:

> [T]he Carroll doctrine does not declare a field day for the police in searching automobiles. Automobile or no automobile, there must be probable cause for the search . . . "In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for reasonable search permitted by the Constitution."

*Id.* at 269.

The Supreme Court has made explicit the distinction between the justification for an investigatory traffic stop and the search of a car:

> An investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion, *Terry v. Ohio*, 392 U.S. 1,20 (1968), and a warrantless search of a car is valid if based on probable cause, *California v. Acevedo*, 500 U.S. 565, 569-570 (1991).

*Ornelas-Ledesma*, 517 U.S. at 693.

The Ninth Circuit has followed suit. It has repeatedly held that a warrantless search of an automobile must be based upon probable cause. *See United States v. Ibarra*, 345 F.3d 711, 715-15 (9th Cir. 2003); *United States v. Garcia*, 205 F.3d 1182, 1186-87 (9th Cir. 2000); *United States v. Hatley*, 15 F.3d 856, 858 (9th Cir. 1994); *United States v. Parr*, 843 F.2d 1228, 1232 (9th Cir. 1988).

In so holding, the court has emphasized that "mere suspicion" does not give rise to probable cause. *See United States v. Vasey*, 834 F.2d 782, 788 (9th Cir. 1987). The distinction between reasonable suspicion and probable cause, though somewhat elusive, is constitutionally significant and is material. As recently explained by the Ninth Circuit, "[w]hile probable cause requirement for a warrant requires a 'fair probability that contraband or evidence of a crime will be found,' reasonable suspicion is less demanding and 'can arise from information that is less reliable than that

1  require to show probable cause.'" *United States v. Rowland*, __F.3d __, 2006 DJDAR 12421, at
2  *12424 (9th Cir. Sept. 13, 2006).
3      In *Vasey*, 834 F.2d at 782, the Court held the following evidence was insufficient to establish
4  probable cause:

> (1) As Officer Jensen approached the vehicle, he noticed Vasey
> stuffing his hand between the seats and handling something furtively
> on the right rear floorboard. Vasey contends he was reaching for his
> wallet and unfastening his seatbelt; (2) Vasey had an outstanding
> warrant for his arrest on a drug-related charge; (3) Vasey was carrying
> $1,128 in cash; (4) Officer Jensen noticed a sealed container of pills
> and a small, cassette-sized container holding three pills. The three
> pills were imprinted with the word "aspirin", but it is unclear to what
> extent Officer Jensen saw this imprintation; and (5) Officer Jensen had
> several years of police experience.

11  *Id.* at 788. The court concluded that the "five factors set out above are insufficient to establish
12  probable cause for the issuance of a warrant. There is little or no evidence indicating that Vasey's
13  car contained contraband." *Id*. at 788.
14      In the case at bar, the evidence is similarly deficient. There is no evidence that Mr. Herrera
15  exhibited any signs of drug use, behaved in a manner suggestive of drug use, or was nervous or
16  evasive. Nor was there evidence that this particular location was a known drug spot. The only
17  evidence supporting a likelihood that contraband would be found was that Mr. Herrera appeared to
18  be illegally parked in a handicap space late in the evening in the Presidio, made some movement
19  towards the center console upon Officer Campbell's approach, and had white residue on his pants.
20  While this evidence suffices to establish reasonable suspicion, it does not establish a "fair
21  probability that contraband or evidence of a crime will be found" necessary to constitute probable
22  cause.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

6

Accordingly, while the investigatory stop was permissible, the search of Mr. Herrera's console for contraband was not. Thus, the evidence of contraband found therein and the ensuing search and results thereof must be suppressed. Defendant's motion to suppress, upon reconsideration, is hereby GRANTED.

A status conference shall be held on October 25, 2006 at 9:30 a.m.

This order disposes of Docket No. 42.

IT IS SO ORDERED.

Dated: October 13, 2006

EDWARD M. CHEN
United States Magistrate Judge